**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**COURT FILE NO.:**

DAVID CRAIG,

    Plaintiff,

v.

AUDIT SYSTEMS, INC., a Florida corporation,

    Defendant.

---

### COMPLAINT AND JURY DEMAND

---

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### VENUE

3. Venue is proper in this District because the acts and transactions occurred here, the Plaintiff resides here, and the Defendant transacts business here.

### PARTIES

4. Plaintiff, David Craig, is a natural person who resides in the City of Colorado Springs, County of El Paso, State of Colorado.

5. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant, Audit Systems, Inc., is a Florida corporation and a collection agency operating from an address at 3696 Ulmerton Road, Suite 200, Clearwater, FL, 33762.

7. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8. The Defendant is a licensed collection agency in the state of Colorado.

9. The principal purpose of the Defendant is the collection of debts using the mails and telephone, and the Defendant regularly attempts to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

10. Sometime before December 2005 the Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely an amount due and owing on a personal account owed to US Bank (hereinafter the "Account").

11. Due to circumstances beyond the Plaintiff's control the Account was not paid and it went into default with the creditor.

12. Sometime thereafter, the alleged debt was assigned, placed or otherwise transferred to the Defendant for collection from the Plaintiff.

## DEFENDANT

13. On or about June 2006 through August 2006 the Plaintiff received phone calls and messages from representatives, employees and / or agents of the Defendant who were attempting to collect the Account. The Plaintiff called the Defendant in response to the phone calls and messages. These phone calls and messages

each individually constituted a "communication" as defined by FDCPA § 1692a(2).

14. During the phone calls on or about June 2006 through August 2006 representatives, employees and / or agents of the Defendant repeatedly falsely threatened the Plaintiff that if he did not pay the Account they would refer him to the District Attorney's office for fraud. These statements and actions constitute violations of the FDCPA including but not limited to 1692d preface, d(2), 1692e preface, e(2)(A), e(4), e(5), e(10) and 1692f preface.

15. During the phone calls on or about June 2006 through August 2006 representatives, employees and / or agents of the Defendant repeatedly falsely stated to the Plaintiff that they were calling from the District Attorney's office while attempting to collect the Account. These statements and actions constitute violations of the FDCPA including but not limited to 1692d preface, d(2), 1692e preface, e(1), e(5), e(10) and 1692f preface.

16. During the phone calls on or about June 2006 through August 2006 representatives, employees and / or agents of the Defendant attempting to collect the Account repeatedly falsely threatened to take the Plaintiff to Court if he did not pay the Account. These statements and actions constitute violations of the FDCPA including but not limited to 1692d preface, d(2), 1692e preface, e(2)(A), e(3), e(5), e(10) and 1692f preface.

17. The foregoing acts and omissions were undertaken by the Defendant and its representatives, employees and / or agents as part of a campaign of abusive and unlawful collection tactics directed at the Plaintiff.

18. The Defendant and its representatives, employees and / or agents above listed statements constitute harassment or abuse and therefore violate FDCPA 1692d preface and d(2).

19. The Defendant and its representatives, employees and / or agents above listed statements constitute false or misleading representations and violate FDCPA 1692e preface, e(1), e(2)(A), e(3), e(4), e(5), e(7) and e(10).

20. The Defendant and its representatives, employees and / or agents above listed statements involve unfair practices, false statements, humiliation and insults in collecting a debt and therefore constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface.

21. The Defendant's actions as well as that of its representatives, employees and / or agents were attempts to frighten, harass and abuse the Plaintiff into paying his alleged debt.

22. The Defendant's actions as well as that of its representatives, employees and / or agents were willful, wanton and malicious violations of the FDCPA.

23. As a consequence of the Defendant's collection activities and

communications, the Plaintiff has suffered economic loss, loss of self-esteem and peace of mind, and has suffered emotional distress, humiliation and embarrassment.

## RESPONDEAT SUPERIOR

24. The representatives and / or collectors at the Defendant were employees of and agents for the Defendant, were acting within the course and scope of their employment at the time of the incidents complained of herein and were under the direct supervision and control of the Defendant at all times mentioned herein.

25. The actions of the representatives and / or collectors at the Defendant are imputed to their employer, the Defendant.

26. As a direct and proximate result of the aforesaid actions, the Plaintiff has suffered the aforementioned damages.

## COUNT I, FDCPA VIOLATIONS

27. The previous paragraphs are incorporated into this Count as if set forth in full.

28. The acts and omissions of the Defendant and its representatives, employees and / or agents constitute numerous and multiple violations of the FDCPA, including but not limited to § 1692d preface, d(2), § 1692e preface, e(1), e(2)(A), e(3), e(4), e(5), e(7), e(10) and 1692f preface.

29. The Defendant's violations are multiple, willful and intentional.

30. Pursuant to FDCPA section 1692k the Plaintiff is entitled to actual damages, statutory damages up to $1,000.00, reasonable attorney's fees and costs.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury. US Const. amend. 7., Fed. R. Civ. Pro. 38.

## PRAYER

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1. Actual damages under 15 USC § 1692k(a)(1).

2. Statutory damages under 15 USC § 1692k(a)(2)(A).

3. Reasonable attorneys fees and costs pursuant to 15 USC § 1692k(a)(3).

4. Such other and further relief as the Court deems just and proper.

                                        Respectfully submitted,

                                        _s/ David M. Larson_____
                                        David M. Larson, Esq.
                                        Attorney for the Plaintiff
                                        405 S. Cascade Avenue, Suite 305
                                        Colorado Springs, CO 80903
                                        (719) 473-0006

Address of the Plaintiff:
124 1/2 Farragut Avenue
Colorado Springs, CO 80909